NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JIMMY L. MAYE,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2015-3052

---

Petition for review of the Merit Systems Protection Board in No. DC-0845-14-0616-I-1.

---

Decided: October 9, 2015

---

JIMMY L. MAYE, Kinston, NC, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN.

---

Before DYK, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Mr. Maye appeals a final decision of the Merit Systems Protection Board ("the Board") affirming a decision of the Office of Personnel Management ("OPM") affirming OPM's calculation of an annuity overpayment and denying him a waiver of collection of the overpayment. We affirm.

BACKGROUND

Mr. Maye is a former employee of the United States Postal Service. In 2010, Mr. Maye was approved for disability retirement, and he began receiving interim payments on a monthly basis as a stop-gap until his application for disability retirements could be completely processed and the actual amount of his benefit could be determined. Mr. Maye was required to apply for Social Security disability benefits and inform the OPM of any Social Security benefit that he was awarded. If Mr. Maye was awarded Social Security benefits, OPM would then reduce Mr. Maye's federal employee disability retirement payments by the amount of Social Security benefit he received pursuant to 5 U.S.C. § 8452.

Mr. Maye applied for Social Security Disability and began receiving Social Security disability benefit payments in July of 2010. However, OPM was never informed of those payments, and the necessary reductions were never made. Mr. Maye continued collecting both his Social Security disability payments and his federal employee retirement benefits through March of 2012. On April 21, 2012, OPM sent Mr. Maye a "Special Notice" notifying him that he had been overpaid by $28,605.44 and that OPM would begin withholding $246.41 from each future monthly benefit payment until the overpayment was paid back.

In May, after the first repayment had been withheld from his check, Mr. Maye challenged OPM's calculation of the overpayment and requested a waiver of the collection of overpayments pursuant to 5 U.S.C. § 8470(b). Ultimately, OPM determined that the calculations were correct and denied Mr. Maye's request for a waiver. OPM did lengthen the schedule for Mr. Maye's repayment of the overpayment so that the repayments were spread over 190 months rather than 116.

Mr. Maye appealed to the Board pursuant to 5 U.S.C. § 8461(e)(1), and his appeal was heard by an Administrative Judge ("AJ") in July of 2014. The AJ found that OPM had met its burden of proving the existence and amount of an overpayment. In addition, the AJ found that Mr. Maye had failed to establish his entitlement to a waiver of repayment of the overpayment. Mr. Maye then petitioned the full Board for review, which the Board denied, affirming the AJ's decision. Mr. Maye now petitions for review of the Board's decision.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). This court's authority to review a decision of the Board is prescribed by statute. Specifically, we must affirm unless the Board's decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

## DISCUSSION

Mr. Maye challenges OPM's calculation of the amount of overpayment. In cases involving the overpayment of a retirement annuity, OPM must establish the existence and amount of an overpayment by a preponderance of the evidence. 5 C.F.R. § 845.307. The AJ found, as a matter of fact, that "OPM has proven the existence and amount of the overpayment," App. 34, a decision which the full

Board affirmed. We find these determinations to be supported by substantial evidence.

Mr. Maye also challenges the decision denying him a waiver of the collection of the overpayment. Under 5 U.S.C. § 8470(b), recovery of overpayments "may not be made from an individual when, in the judgment of the [OPM], the individual is without fault and recovery would be against equity and good conscience." The individual has the burden to demonstrate, by a preponderance of the evidence, that he or she is eligible for a waiver. 5 C.F.R. § 845.307. The AJ found that Mr. Maye had failed to meet this burden of proof, a decision again affirmed by the whole Board.

In the first prong of the waiver determination, the AJ determined that Mr. Maye was not at fault for the over-payment.[1] But the AJ found that Mr. Maye had failed to provide evidence to satisfy this second prong of the test. We find this factual determination to be supported by substantial evidence. Under the second prong, an indi-vidual demonstrates that recovery would be against equity and good conscience when: "(a) It would cause financial hardship to the person from whom it is sought; (b) The recipient of the overpayment can show (regardless of his or her financial circumstances) that due to the notice that such payment would be made or because of the incorrect payment he or she either has relinquished a valuable right or has changed positions for the worse; or

---

[1] The OPM letter to Mr. Maye in April stated that that "we find you are not without fault in causing or contributing to the overpayment." App. 28. However, it is clear from the context that this is a typographical error and was meant to read "you are not at fault." In any case, the AJ found that Mr. Maye was not at fault.

(c) Recovery would be unconscionable under the circumstances." 5 C.F.R. § 845.303.

Mr. Maye's own responses to OPM's financial resources questionnaire show that he had a monthly income that exceeded his expenses by $500, and Mr. Maye has not provided any additional evidence as to why repayment would cause a financial hardship. In addition, Mr. Maye has not provided any evidence as to how he changed position in reliance on the overpayment to his detriment, and in any case Mr. Maye had adequate notice of potential overpayments in the letter notifying him of his federal employee disability award and was told not to cash his Social Security checks until his application for benefits was processed by OPM. Lastly, Mr. Maye has not provided any evidence demonstrating unconscionability.

## AFFIRMED

### COSTS

No Costs.